JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
HAROLD WARREN, JR., M.D.

                                 Plaintiff,

                        - against -

CITY OF NEW YORK, POLICE OFFICER MARISOL
CENTENO, SHIELD 3099, POLICE OFFICER JOHN DOE,
A FICTITIOUS NAME FOR UNKNOWN EMPLOYEES OF
THE NEW YORK CITY POLICE DEPARTMENT, DETECTIVE
CARL ROADARMEL, J.P. MORGAN CHASE BANK, N.A.,
KHOA NGUYEN, BANK EMPLOYEE RICHARD ROE, BANK
EMPLOYEE JANE DOE,

                                 Defendants,
-------------------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY**

      JAY K. GOLDBERG, an attorney duly admitted to practice before this Court, in support of the Motion to Withdraw as counsel for the Plaintiff and for a stay of this matter for sixty (60) days to allow Plaintiff time to find new counsel, hereby affirms the truth of the following:

1.     By letter agreement dated January 26, 2009, I was retained to represent Plaintiff Harold Warren, Jr., in connection with a claim for false arrest against the City of New York and JP Morgan Chase Bank ("Chase"). It was understood from the inception that the claim would be pursued against both the City and Chase. This is reflected in the retainer agreement attached as Exhibit A.

2.     In furtherance of the claim against the City, a Notice of Claim was filed with the City on February 20, 2009. A hearing, pursuant to Section 50-h of the New York General

    Municipal Law, at which Plaintiff's testimony was taken, was conducted on April 27, 2009.

3.    In furtherance of the claim against the Bank, a demand letter was sent on June 1, 2009. This resulted in contact from the Bank's insurance carrier, Liberty Mutual Fire Insurance Company. In an attempt to reach a settlement, Plaintiff provided documents and records to the carrier and engaged in brief settlement discussions. By letter dated December 15, 2009, Plaintiff was notified that the Bank had concluded that it was not responsible for the underlying arrest. There were no further settlement discussions. At the same time, preliminary settlement discussions with the City were terminated.

4.    Plaintiff was apprised of all developments and advised that a Federal lawsuit would be filed against both the City and the Bank. After I prepared a first draft of a complaint, I discussed the various causes of action with Plaintiff. In response to his comments and upon further research, I prepared a second draft which incorporated additional causes of action against the Bank. That draft was finalized and sent to Plaintiff by e-mail on January 12, 2010 with a request for comments. The complaint was filed with the Clerk of this Court on February 17, 2010 and Plaintiff was notified of this by e-mail the next day. By order of this Court, upon the application for an extension of time, defendants have until May 10, 2010 to answer or otherwise respond to the complaint.

5.    I recently forwarded to Plaintiff certain authorizations for records requested by the City. Plaintiff has not complied with my instruction that these be signed and returned. Instead, Plaintiff sent me numerous e-mails contending that I have mismanaged this litigation and have not properly represented his interests. All attempts to address Plaintiff's concerns

have been futile.[1] I have informed him that he should seek new counsel and that I would move to be relieved.

6. I believe that there has been a total and irreparable rupture between myself and Plaintiff. It is evident that he no longer has faith in my counsel. As such, I cannot in good faith continue to represent him in this matter.

7. A copy of this Affirmation and Notice of Motion have been sent to Plaintiff by both e-mail and standard mail.

**WHEREFORE**, for the reasons stated herein, your affiant respectfully moves this Court for an Order relieving him as attorney for the Plaintiff and issuing a stay of the proceedings for sixty days to allow Plaintiff time to obtain new counsel.

Dated: New York, New York
May 3, 2010

    Respectfully submitted,

    *Jay K. Goldberg*

    Jay K. Goldberg [JG-1294]
    Attorney for Plaintiff
    Goldberg & Allen, LLP
    49 West 37th Street
    New York, New York 10018
    212-766-3366

---

[1] Because of the attorney-client privilege, I cannot discuss the substance of the correspondence but will provide the same to the Court for *in camera* review if deemed necessary.