```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
Dr. Harold Warren, Jr.,

      Plaintiff,

  -against-                               10 Civ. 1251 (CM)

City of New York, et al.,

      Defendants.

---------------------------------------x

## MEMORANDUM

McMahon, J.:

      On May 7, 2010, Jay K. Goldberg filed a motion with this Court to withdraw as plaintiff's counsel. On May 26, 2010, Mr. Goldberg informed the Court that he had attempted to contact plaintiff numerous times between May 7 and May 26 (albeit unsuccessfully), to inform plaintiff of a May 27, 2010, conference before this Court, at which the motion to withdraw was to be decided. On May 27, 2010, by judicial order, the Court granted Mr. Goldberg's motion to withdraw. That same day, the Court mailed the plaintiff a copy of the order granting Mr. Goldberg's motion.

      On June 2, 2010, this Court received a letter from plaintiff Dr. Harold Warren, Jr., in response to the Court's order dated May 27, 2010. In that letter, plaintiff states that, among other things, he failed to appear at the Court's May 27, 2010 conference because he is "not [ ] available or (via attorney) to do anything on this case before next November 2010." (Letter from H. Warren to the Court, May, 29, 2010.) Dr. Warren has provided this Court with no other details regarding his time constraints.

      While the Court appreciates the restrictions on Dr. Warren's schedule, the Court has already imposed time limits of its own on this action. Accordingly, Dr. Warren is hereby advised for a second time that his former attorney, Jay K. Goldberg, has been released from the case. That means that Dr. Warren is no longer represented by Mr. Goldberg. As the Court stated in May 27, 2010 Order Granting Jay K. Goldberg's Motion to Withdraw as Counsel, plaintiff must find a new attorney to enter an appearance on his behalf within 45 days of the Court's May 27 Order (i.e., by July 12, 2010). If plaintiff fails to find a new attorney during that time, or decides that he does not wish to retain another attorney, plaintiff is required to notify the Court in writing of his intent to prosecute the action pro se. If no attorney appears and plaintiff does not

Copies mailed/faxed/handed to counsel on 6/8/10

indicate that he intends to continue the action pro se, the Court will dismiss the complaint without prejudice.

_____
U.S.D.J.

Dated: June 8, 2010

BY ECF TO ALL COUNSEL
BY MAIL TO PLAINTIFF at
    140 Claremont Avenue, Apt. 1K
    New York, NY 10027